IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RENEE (COG) FEREBEE, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-18-0335 |
| CHICK-FIL-A, | * | |
| OWNER/ OPERATOR, | * | |
| MR. TREVELLE HARVEY, | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Plaintiff Renee Ferebee ("Ferebee"), proceeding pro se, brings suit against Defendants[1] Chick-Fil-A and its Owner/Operator Trevelle Harvey for claims of defamation, discrimination, conspiracy, and her "civil rights being violated," and seeks $5 million in damages. ECF No. 1 at 2. Plaintiff has filed a "Continuation to Law Suit Claim" as part of her pleading, which the Court construes as part of Ferebee's Complaint. *See* ECF No. 1 at 3. Now pending before the Court is Defendants' Motion to Dismiss Ferebee's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 3.) The motion is fully briefed, and no hearing is necessary. *See* D. Md. Loc. R. 105.6. Upon consideration of the Complaint and all pleadings, the Court GRANTS Defendants' Motion to Dismiss.

---

[1] Ferebee incorrectly names Chick-Fil-A in the Complaint, ECF No. 1. The Court refers to the proper legal entities, Trevelle Harvey and the Harvey Restaurant Group, Inc., as "Defendants."

## I. Background

Although Ferebee's Complaint is often unclear, liberally construed it seems to allege that on January 30, 2018, Ferebee entered a Chick-Fil-A restaurant to receive a free breakfast about which she learned from a promotional poster. ECF No. 1 at 1. Ferebee further avers that when she asked the cashier "Synethia" about the promotion, she responded that "you have to purchase something, then, you get a free breakfast." ECF No. 1 at 1. Ferebee and Synethia argued about the terms of the free breakfast, with Ferebee noting that "Landover Chick-Fil-A, [sic] was not like that, you got a free breakfast, without purchasing a meal." ECF No. 1 at 1. Ferebee then asked to speak with the store manager. ECF No. 1 at 1. Synethia spoke to the manager and then repeated her earlier response that Ferebee must make a purchase to receive a free breakfast. ECF No. 1 at 1.

Still dissatisfied with this answer, Ferebee again asked to speak with the manager "Maurice" (last name not provided), and he again repeated that the terms of the promotion required customers to make a purchase before receiving a free breakfast. ECF No. 1 at 1. Ferebee was a "little perturbed" with his response, and ultimately, Maurice said he would provide Ferebee with a free breakfast without a purchase only that one time. ECF No. 1 at 1. Plaintiff then seems to allege a conversation with Harvey, during which she noticed that Harvey had the "cash register" in his hand, and Ferebee was concerned that Harvey planned to say that "there were a lot of free breakfasts" and keep the money from the paid breakfasts as his profit. *See* ECF No. 1 at 1.

Ferebee alleges that Defendants have defamed her character by treating her "like everyone else in society." ECF No. 1 at 1. Ferebee also avers that the manager, Maurice, "did not want Plaintiff to return to the restaurant, because of rumors about Plaintiff being crazy and

on drugs." ECF No. 1 at 2. Ferebee also notes in her "Continuation to Law Suit Claim" that Harvey was "apologetic" and told Plaintiff that she could "come back" to the Chick-Fil-A as much as she wanted. ECF No. 1 at 3. Because Harvey was "very apologetic," Ferebee changed her demand from $500 million to $5 million. ECF No. 1 at 3.

Defendants moved to dismiss the Complaint, arguing that Ferebee has not sued the proper entity and that, even if she had, she has failed to state a claim upon which relief can be granted. The Court addresses each argument in turn.

## II. Defendants' Motion to Dismiss

### A. Standard of Review

Because Ferebee is proceeding pro se, the Court construes the Complaint liberally to ensure that potentially meritorious claims proceed. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). That said, the Court cannot ignore a pro se plaintiff's clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed."). A court, when reviewing pro se complaints, must not abdicate its "legitimate advisory role" to become an "advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

A motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is properly granted when the complaint does not include sufficient factual allegations to render the plaintiff's claims facially plausible or permit reasonable inference that the defendant is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). In

assessing whether this is so, the Court takes as true all well-pleaded factual allegations and makes all reasonable inferences in the favor of the plaintiff. *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009). The Court does not credit conclusory statements or a plaintiff's legal conclusions, even when the plaintiff purports them to be allegations of fact. *See Iqbal*, 556 U.S. at 678–79; *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). From the facts averred, the Court must be able to infer "more than the mere possibility of misconduct"; the complaint must contain factual allegationss that show the plaintiff is entitled to relief. *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 678). The Court may consider materials attached to the complaint without transforming the motion to dismiss into one for summary judgment. *See* Fed. R. Civ. P. 10(c). The Court may also consider materials attached to a motion to dismiss, so long as they are integral to the complaint and authentic. *Philips*, 572 F.3d at 180.

### B. Analysis

#### 1. Failure to Sue Proper Party

Defendants first argue that Ferebee's Complaint must be dismissed for failure to sue the proper party because Chick-Fil-A is not a standalone legal entity, and is not the entity that owns the restaurant located at 5502 Silver Hill Road. The United States Court of Appeals for the Fourth Circuit has long held that a "misnomer of a corporation in a notice, summons, . . . or other step in a judicial proceeding is immaterial" and does not warrant dismissal where the defendant "could not have been, or was not, misled" regarding which entity the plaintiff intended to sue. *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947). If the lawsuit "names [the defendant] in such terms that every intelligent person understands who is meant, . . .

it has fulfilled its purpose; and courts should not put themselves in the position of failing to recognize what is apparent to everyone else." *Id.*

Ferebee lists "Chick-Fil-A" and "Owner/Operator Mr. Trevelle Harvey" as the defendants in this lawsuit, along with the address 5502 Silver Hill Road, District Heights, MD 20747. Harvey further affirms that he is the owner of the Harvey Restaurant Group, Inc., which is the entity that owns and operates the Chick-Fil-A franchise located at that address. ECF No. 3-1 at 10. Accordingly, Ferebee has effectively sued the proper entity. Furthermore, Defendants were not misled as to which entity Ferebee intended to sue. Indeed, Defendants understood that Ferebee intended to sue them based upon their prompt response to this lawsuit. Plaintiff filed her Complaint with this Court on February 2, 2018, and Defendants filed their Motion to Dismiss on February 27, 2018. *See* ECF No.1; ECF No. 3. Dismissal is not warranted on this ground.

### 2. Defamation

Defendants next argue that Ferebee's Complaint fails to state a claim upon which relief can be granted. To sustain a defamation action, a plaintiff must plausibly aver that: (1) the defendant made a defamatory statement to a third person, (2) the statement was false, (3) the defendant was legally at fault in making the statement, and (4) the plaintiff suffered harm. *Doe v. Salisbury Univ.*, 123 F. Supp. 3d 748, 757 (D. Md. 2015). As to the first element, a plaintiff must specifically allege each defamatory statement. *Id.* A plaintiff "may not baldly allege a broad course of conduct over a lengthy period of time and later sue on any act that occurred during that time period." *Id.* at 757–58 (quoting *English Boiler & Tube, Inc. v. W.C. Rouse & Son, Inc.*, 172 F.3d 862, 1999 WL 89125, at *3 (4th Cir. 1999)).

Ferebee's Complaint fails to allege any defamatory statements made to a third person. Instead, Ferebee generally asserts that Defendants treated her "like everyone else in society

defaming Plaintiff's character." ECF No. 1 at 1. Further, Ferebee states, without any additional evidence, that the Chick-Fil-A manager Maurice "did not want Plaintiff to return to the restaurant, because of rumors about Plaintiff being crazy and on drugs." ECF No. 1 at 2. Devoid of any defamatory statements alleged with specificity, Ferebee's defamation claim must be dismissed.

### 3. Discrimination

The Complaint also suggests that Ferebee believes that Defendants' violated her "civil rights," and refers to Ferebee's age in this context. *See* ECF No. 1 at 2. Liberally construed, the Court will treat this aspect of the Complaint as an attempt to aver some type of age discrimination claim or other similar cause of action. The Complaint, however, lacks even the most basic facts, such as Ferebee's actual age or any other identifying information which would give rise to an actionable claim. *See Baker v. Greyhound Bus Line*, 240 F. Supp. 2d 454, 455 (D. Md. 2003) (dismissing discrimination claim when characteristic alleged by plaintiff as basis of discrimination was not protected); *cf. Mathews v. Giant Food, Inc.*, 187 F. Supp. 2d 486, 488 (D. Md. 2002) (plaintiff must plead membership in a protected class). Further, the Complaint fails to include a factual basis on which to conclude that Defendants, a private franchise and its owner, violated Ferebee's "civil rights." Plaintiff's discrimination claim therefore must be dismissed.

### 4. Conspiracy

Ferebee's conspiracy claim likewise must be dismissed. Under Maryland law, to state a claim for civil conspiracy, a plaintiff must show: (1) a confederation of two or more persons by agreement or understanding, (2) some unlawful or tortious act done in furtherance of the

conspiracy, or use of unlawful or tortious means to accomplish an act not in itself illegal, and (3) actual legal damage resulting to the plaintiff. *Lloyd v. Gen. Motors Corp.*, 397 Md. 108, 154 (2007). Some "unlawful act [such as] a tort, breach of contract or other actionable wrong" must be undertaken in furtherance of the conspiracy. *Paccar Inc. v. Elliot Wilson Capitol Trucks LLC*, 905 F. Supp. 2d 675, 696 (D. Md. 2012). Civil conspiracy is "not a separate tort capable of independently sustaining an award of damages in the absence of other tortious injury to the plaintiff." *Id.* (quoting *Haley v. Corcoran*, 659 F. Supp. 2d 714, 726 (D. Md. 2009)). Here, the conspiracy claim necessarily fails because none of Plaintiff's substantive counts survive dismissal.

### III. Conclusion and Order

Because Ferebee has failed to state a claim upon which relief can be granted, it is on this 12th day of April, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. The Motion to Dismiss filed by Defendants CHICK-FIL-A and TREVELLE HARVEY (ECF No. 3) BE, and the same hereby IS, GRANTED;

2. The Complaint filed by Plaintiff RENEE (COG) FEREBEE (ECF No. 1); BE, and the same hereby IS, DISMISSED;

3. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to Plaintiff and counsel for Defendant;

4. The Clerk is directed to CLOSE this case.

| 4/12/2018 | /S/ |
|---|---|
| Date | Paula Xinis |
| | United States District Judge |